IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00720-MEH

CLARICE DAVIS,

    Plaintiff,

v.

COMCAST CORPORATION f/k/a Comcast Holdings Corporation d/b/a Xfinity, and
SEFNCO COMMUNICATIONS, INC.,

    Defendants.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Defendant SEFNCO Communications, Inc. seeks dismissal of Plaintiff Clarice Davis' negligence cause of action. According to SEFNCO, Ms. Davis' premises liability claim preempts her negligence claim. I agree. Importantly, Ms. Davis did not plead her claims in the alternative based on whether SEFNCO is a "landowner" under the Colorado Premises Liability Act ("PLA"). Accordingly, I grant SEFNCO's Partial Motion to Dismiss Plaintiff's Negligence Claim.

**BACKGROUND**

Ms. Davis alleges that, on March 8, 2016, she tripped over a long cord on the common walkway at the Quail Run Condominiums while she was taking out her trash. Compl. ¶ 11, ECF No. 3. This caused her to fall and sustain serious injuries. *Id.* Ms. Davis alleges that Defendants owned, operated, and managed the Quail Run Condominiums. *Id.* ¶ 7.

On March 5, 2018, Ms. Davis filed suit against Defendants in Colorado state court. *Id.* Ms. Davis asserts claims for negligence and premises liability. *Id.* ¶¶ 13–25. In support of her

negligence claim, Ms. Davis alleges:

> Defendants were negligent by and through their agents and employees, in that they did not maintain their premises in a reasonably safe manner and failed to keep the premises free of hazardous and dangerous conditions of which they knew or should have known existed, including the long cable which caused the Plaintiff to trip.

*Id.* ¶ 14. SEFNCO removed the case to this Court on March 27, 2018. Notice of Removal, ECF No. 1.

On April 3, 2018, SEFNCO filed the present Partial Motion to Dismiss, ECF No. 14. SEFNCO contends the PLA preempts Ms. Davis' negligence claim, as the PLA provides the exclusive remedy for breaches of landowner duties. *Id.* In response, Ms. Davis argues it would be premature to dismiss her negligence claim, because she pleads her claims in the alternative and I (or a jury) have not yet decided whether SEFNCO is a landowner under the PLA. Resp. to Partial Mot. to Dismiss 3–11, ECF No. 20. According to Ms. Davis, "[w]hether a defendant qualifies as a 'landowner' under the PLA is a threshold question, as it determines whether [the statute], **or** the common law defines SEFNCO's duty to third persons . . . ." *Id.* at 4. In its reply brief, SEFNCO asserts Ms. Davis does not plead her claims in the alternative—i.e., she does not allege facts supporting a finding that SEFNCO owed her a duty apart from that owed generally by landowners. Reply in Supp. of Partial Mot. to Dismiss 3–4, ECF No. 21.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires

2

a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

## **ANALYSIS**

I hold that Ms. Davis fails to plead facts supporting an independent and alternative claim for negligence. It is well established that the PLA preempts common law claims alleging a breach of landowner duties. *See* Colo. Rev. Stat. § 13-21-115(2) (West 2018) ("In any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of such property, or activities conducted or circumstances existing on such property, the landowner *shall be liable only* as provided in subsection (3) of this section." (emphasis added)); *Vigil v. Franklin*, 103 P.3d 322, 329 (Colo. 2004) ("[O]ur analysis of the

3

premises liability statute convinces us that the General Assembly clearly and manifestly expressed its intent, through the plain language of the statute, to abrogate the common law of landowner duties."). Indeed, the parties agree that the PLA preempts negligence claims against landowners. Partial Mot. to Dismiss 3, ECF No. 14; Resp. to Partial Mot. to Dismiss 4, ECF No. 20.

To avoid dismissal on preemption grounds, Ms. Davis asserts she pleads her claims in the alternative. Resp. to Partial Mot. to Dismiss 8. However, even assuming Ms. Davis may permissibly plead alternative claims for negligence and premises liability, Ms. Davis does not do so here.[1] To the contrary, she alleges in support of her negligence claim:

> The Defendants were negligent by and through their agents and employees, in that they did not maintain *their premises* in a reasonably safe manner . . . . The Defendants were negligent in that they did not keep *their premises* in a reasonably safe condition for the general public and business invitees including the Plaintiff.

Compl. ¶ 14 (emphasis added). Accepting these allegations as true, SEFNCO is a landowner, and the PLA preempts Ms. Davis' claim. *See* Colo. Rev. Stat. § 13-21-115(1) (West 2018) ("For the purposes of this section, 'landowner' includes, without limitation, an authorized agent or a person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property."); *Henderson v. Master*

---

[1] Although I do not presently decide whether a plaintiff may plead alternative claims for negligence and premises liability, I note that it is at least arguable that a plaintiff may do so until the court determines whether the defendant is a landowner. *See Collard v. Vista Paving Corp.*, 292 P.3d 1232, 1238 (Colo. App. 2012) ("Whether [the defendant] qualifies as a landowner under the PLA is a threshold question in our review, as it determines whether section 13–21–115(2), C.R.S.2012, or the common law defines [the defendant's] duty to third parties. . . ."). Indeed, because the PLA applies only to landowners, it does not preempt negligence claims if the defendant is not a landowner as defined by the PLA. *See generally Vigil*, 103 P.3d at 332 ("[T]he landowner liability act sets forth the sole basis for *private landowner liability*." (emphasis added)); *see also Larrieu v. Best Buy Stores, L.P.*, No. 10-CV-01183-CMA-BNB, 2013 WL 4838912, at *2 (D. Colo. Sept. 9, 2013) ("The premises liability statute replaces a common law claim of negligence if [the defendant] is a landowner.").

*Klean Janitorial, Inc.*, 70 P.3d 612, 613 (Colo. App. 2003) ("The premises liability act . . . provides the exclusive remedy against a landowner for injuries sustained on the landowner's property.").

To be sure, Ms. Davis was not required to expressly plead her claim in the alternative. *See Gulf Coast Shippers Ltd. v. DHL Express (USA), Inc.*, No. 2:09–CV-00221, 2015 WL 4557573, at *19 (D. Utah July 28, 2015). However, Ms. Davis must demonstrate "some basis in th[e] facts for concluding that a particular claim or theory of recovery is plausibly supported by them." *Molitor v. Mixon*, No. 16-1202-HE, 2016 WL 9050778, at *2 n.3 (W.D. Okla. Nov. 21, 2016); *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000) ("While the [plaintiffs] need not use particular words to plead in the alternative, they must use a formulation from which it can be reasonably inferred that this is what they were doing."). Ms. Davis could have done so by alleging facts supporting a finding that SEFNCO owed her a duty separate from that which landowners owe their entrants. Because Ms. Davis' negligence claim bases SEFNCO's duty in its ownership and maintenance of the land, Ms. Davis fails to plead this claim as an alternative theory of liability.

If discovery reveals that SEFNCO may not be a landowner of the property on which Ms. Davis was injured, she may file a motion to amend her complaint and assert facts in support of her alternative negligence claim at that time. *See Lippia v. Fox Rent a Car, Inc.*, No. 15-cv-01539-MSK-KMT, 2015 WL 6735544, at *2 n.3 (D. Colo. Nov. 4, 2015) ("To the extent that the Plaintiff cannot yet articulate the theory and facts that would support a negligence claim, her remedy is to develop the case in discovery and then timely seek to amend to assert claims for which she has factual support."). However, without facts supporting an alternative duty, Ms. Davis' claim is merely "a 'placeholder' theory in anticipation that facts might eventually be found to justify it." *Id.*

## **CONCLUSION**

The PLA preempts Ms. Davis' negligence claim against SEFNCO. Importantly, Ms. Davis fails to assert alternative claims for negligence and premises liability. Instead, she alleges in support of her negligence claim that SEFNCO owns and maintains the land on which she was injured. As a result, the PLA provides the exclusive remedy for Ms. Davis' injury. SEFNCO's Partial Motion to Dismiss [filed April 3, 2018; ECF No. 14] is **granted**.

Entered and dated at Denver, Colorado, this 5th day of July, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge