IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00720-MEH

CLARICE DAVIS,

    Plaintiff,

v.

COMCAST CORPORATION f/k/a Comcast Holdings Corporation d/b/a Xfinity, and
SEFNCO COMMUNICATIONS, INC.,

    Defendants,

COMCAST CORPORATION f/k/a Comcast Holdings Corporation d/b/a Xfinity,

    Cross Claimant,

v.

SEFNCO COMMUNICATIONS, INC.,

    Cross Defendant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Defendant Comcast Corporation seeks dismissal of Plaintiff Clarice Davis' negligence cause of action in light of my order dismissing this claim against Defendant SEFNCO Communications, Inc. My analysis of this claim as to SEFNCO applies equally to Comcast. Ms. Davis' premises liability claim preempts her negligence claim against Comcast, because she failed to plead in the alternative that Comcast is not a "landowner" under the Colorado Premises Liability Act ("PLA"). Accordingly, I grant Comcast's Joinder in SEFNCO's Partial Motion to Dismiss Plaintiff's Negligence Claim.

**BACKGROUND**

Ms. Davis alleges she fell and sustained injuries after tripping over a long cord on a common walkway at the Quail Run Condominiums. Compl. ¶ 11, ECF No. 3. According to Ms. Davis, "Defendants" owned, operated, and managed the Quail Run Condominiums. *Id.* ¶ 7. As a result of these allegations, Ms. Davis pleads claims for negligence and premises liability. *Id.* ¶¶ 13–25. Comcast responded to the Complaint by filing an Answer on March 22, 2018. Comcast's Answer, ECF No. 6.

On July 5, 2018, I granted SEFNCO's Motion to Dismiss in Part. Order on SEFNCO's Mot. for Partial Dismissal, ECF No. 36. I first noted the well-established principle under Colorado law that the PLA preempts common law negligence claims. *Id.* at 3–4. I then found that Ms. Davis did not plead her claims in the alternative, because she did not allege that SEFNCO owed her a duty separate from that which landowners owe their entrants. *Id.* at 4–5.

On July 23, 2018, Comcast filed the present motion, seeking to join in SEFNCO's motion and dismiss Ms. Davis' negligence claim against it. Comcast's Mot. for Partial Judgment on the Pleadings, ECF No. 39. Because Comcast has filed an answer, I construe its motion as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Ms. Davis responded to Comcast's motion on August 6, 2018. Resp. to Comcast's Mot. for Partial Judgment on the Pleadings, ECF No. 45. Ms. Davis primarily reasserts the arguments she made in response to SEFNCO's motion. *Id.* at 3–7. However, Ms. Davis also argues that Comcast is liable as a contractor who performed construction or repair work at Quail Run Condominiums. *Id.* at 4.

## **LEGAL STANDARD**

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000); *Aberkalns v. Blake*, 633 F. Supp. 2d 1231, 1233 (D. Colo. 2009) ("Courts review a motion for judgment on the pleadings using the same standard as a motion under Rule 12(b)(6)."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, courts must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678–80. Second, courts must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a

complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## **ANALYSIS**

My prior holding that Ms. Davis fails to plead an independent and alternative claim for negligence against SEFNCO applies equally to Comcast. Ms. Davis does not point to any allegations in her Complaint that differentiate between Comcast and SEFNCO for purposes of her negligence and premises liability claims. In fact, Ms. Davis refers to Comcast and SEFNCO collectively as "Defendants" throughout her entire Complaint. For example, she alleges in support of her negligence claim:

> The Defendants were negligent by and through their agents and employees, in that they did not maintain *their premises* in a reasonably safe manner . . . . The Defendants were negligent in that they did not keep *their premises* in a reasonably safe condition for the general public and business invitees including the Plaintiff.

Compl. ¶ 14, ECF No. 3 (emphasis added). As I explained in further detail in my order on

4

SEFNCO's motion, the PLA preempts common law claims alleging a breach of landowner duties, and Ms. Davis pleads only a violation of landowner duties. Order on SEFNCO's Mot. for Partial Dismissal, ECF No. 36; *see Vigil v. Franklin*, 103 P.3d 322, 329 (Colo. 2004) ("[O]ur analysis of the premises liability statute convinces us that the General Assembly clearly and manifestly expressed its intent, through the plain language of the statute, to abrogate the common law of landowner duties.").

In her response brief, Ms. Davis contends:

Contractors [such as Comcast here] owe a duty of care to third parties who could be injured by the negligent construction, installation, repair or performance on service contracts. Also, the contractor's duty to warn of hazardous and dangerous conditions it created or left behind is imposed upon the contractor as the contractor created the dangerous condition, not as a possessor of the land.

Resp. to Comcast's Mot. for Partial Judgment on the Pleadings 4, ECF No. 45. However, in ruling on a motion to dismiss, I cannot consider allegations made only in an response brief. *See, e.g.*, *Doe v. Albuquerque Pub. Schs.*, No. 18-CV-00085-WP/KK, 2018 WL 2422013, at *4 (D.N.M. May 29, 2018) ("[C]ourts must consider the complaint—not the response brief—when considering the merits of a motion brought under Rule 12(b)(6) or Rule 12(c)."). Ms. Davis does not plead that Comcast created a dangerous condition as a contractor, instead of as a possessor of the land.[1] To the contrary, Ms. Davis does not use the term "contractor" in her Complaint, and she specifically alleges in support of her negligence claim that Comcast is an owner or possessor of the Quail Run Condominiums. Compl. ¶¶ 7, 14. Accepting these allegation as true, Comcast is a landowner, and

---

[1] Ms. Davis states that a vendor agreement between Comcast and SEFNCO suggests Comcast's liability in negligence. Resp. to Comcast's Mot. for Partial Judgment on the Pleadings 6. However, Ms. Davis does not ask that I convert Comcast's motion to one for summary judgment. Thus, I cannot consider this evidence.

5

the PLA preempts Ms. Davis' claim.[2]

## **CONCLUSION**

My holding with regard to SEFNCO applies to Comcast. Ms. Davis does not identify any allegations differentiating between SEFNCO and Comcast for purposes of her negligence and premises liability claims. Accordingly, Ms. Davis does not plead her claims against Comcast in the alternative, and the PLA preempts Ms. Davis' negligence claim. Comcast's Joinder in SEFNCO's Partial Motion to Dismiss Plaintiff's Negligence Claim [filed July 23, 2018; ECF No. 39] is **granted**.

Entered and dated at Denver, Colorado, this 13th day of August, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2] As I stated with regard to SEFNCO, if Ms. Davis learns through discovery that Comcast may not be a landowner of the property on which she was injured, she may file a motion to amend her complaint and assert facts in support of her alternative negligence claim at that time.